809 F.2d 1534
 Bankr. L. Rep. P 71,661
In re ALLSTAR BUILDING PRODUCTS, INC., Debtor.
OVERHEAD DOOR CORPORATION, Plaintiff-Appellant,
v.
ALLSTAR BUILDING PRODUCTS, INC., Defendant-Appellee.
 No. 86-7011.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 17, 1987.
 
 Mayer W. Perloff, Reid, Perloff & Doyle, Mobile, Ala., for plaintiff-appellant.
 Barry A. Friedman, Mobile, Ala., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before HILL and HATCHETT, Circuit Judges, and THOMAS*, Senior District Judge.
 HATCHETT, Circuit Judge:
 
 
 1
 In this case we hold that the district court properly ruled that a creditor did not hold a perfected security interest in the bankrupt's personal property sufficient to allow relief from the automatic stay imposed by 11 U.S.C. Sec. 362.
 
 FACTS
 
 2
 On August 9, 1984, the debtor, Allstar Building Products, Inc. (Allstar), executed a note in favor of appellant, Overhead Door Corporation (Overhead), giving Overhead a security interest in substantially all of its personal property and assets. On August 30, 1984, Overhead recorded the security interest in the office of the Secretary of State in Montgomery, Alabama. Allstar did not receive authorization from its directors nor execute a corporate resolution authorizing the pledge of substantially all of its assets.
 
 
 3
 On June 4, 1985, Allstar filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and the bankruptcy court appointed a trustee. Overhead filed a motion seeking relief from the automatic stay imposed by 11 U.S.C. Sec. 362 in order to foreclose its interest in the personal property. The bankruptcy court held that Overhead did not have a valid security interest and denied the motion for relief from the stay. Overhead appealed the decision of the bankruptcy judge to the United States District Court for the Southern District of Alabama. The district court affirmed the bankruptcy court's decision. Overhead filed this appeal.
 
 
 4
 The sole issue for decision is whether the district court correctly determined that Overhead's alleged security interest is invalid.
 
 DISCUSSION
 
 5
 Overhead contends that its security interest in Allstar's personal property and assets is valid and may not be attacked by Allstar nor the trustee. In response, the trustee notes that the security agreement purported to give Overhead a security interest in substantially all of Allstar's personal property and assets, but it is invalid because the board of directors did not authorize the corporation to enter into the agreement or adopt a corporate resolution doing so as required by Ala.Code Sec. 10-2A-160 (1980).** Overhead further contends that under Rule 8 of the Federal Rules of Civil Procedure, the trustee waived any right to raise an affirmative defense by failing to file an answer as required: therefore, the validity of the security interest may not be questioned.
 
 
 6
 This action was brought under Part IX (contested matters), Rule 9014 of the Bankruptcy Rules. Rule 9014, in pertinent part, provides: "No response is required under this rule unless the court orders an answer to a motion." Rule 9014 also states that the court may direct that one or more rules of Part VII (adversary proceedings) shall apply. The district court did not order an answer in this case nor did it order that the rules of Part VII would apply.
 
 
 7
 Overhead's contention that the trustee's failure to answer and to assert an affirmative defense or avoidance is without merit. Rule 81 of the Federal Rules of Civil Procedure explicitly removes bankruptcy proceedings from application of the Federal Rules of Civil Procedure. This proceeding was in bankruptcy, and rule 9014 controls.
 
 
 8
 It is also clear under section 10-2A-160, Code of Alabama (1975) that a corporation may not mortgage or pledge all or substantially all of its property and assets except when authorized by the board of directors. Overhead failed to show that in this case the security agreement was authorized by the board of directors. In the bankruptcy court, Overhead was given an opportunity to submit a brief supporting its position and to supplement the record by providing a copy of a corporate resolution authorizing the mortgage or pledge of Allstar's personal property. Overhead filed a brief, but it did not produce a copy of a corporate resolution.
 
 
 9
 The district court properly affirmed the decision of the bankruptcy court which declared Overhead's security interest invalid. Accordingly, we affirm the judgment of the district court.
 
 AFFIRMED
 HILL, Circuit Judge, dissenting:
 
 10
 I agree that the extensive arguments made by appellant regarding the requirements of Rule 8(c) of the Federal Rules of Civil Procedure are quite simply irrelevant. The trustee's failure to respond did not require a decision in favor of Overhead. However, I am unable to concur in the panel's decision with respect to the effect of Alabama code section 10-2A-160 on the validity of the appellant's security interest.
 
 
 11
 First, I must disagree with the panel's conclusion that "Allstar did not receive authorization from its directors nor execute a corporate resolution authorizing the pledge of substantially all of its assets." I do not think that the record is so clear. Once this issue was raised, the court gave Overhead the opportunity to supplement the record with a copy of a corporate resolution authorizing the August 9, 1984 transaction. Overhead did not produce such a resolution. The bankruptcy judge therefore held that its claimed security interest was defective and denied the stay. This does not mean that the resolution did not exist. Indeed, the trustee has better access to corporate records than the secured parties do in this context; the trustee should know whether a corporate resolution was obtained.
 
 
 12
 However, the real question is who ought to bear the burden of proving the existence of the resolution. Under the bankruptcy code, a creditor petitioning for a stay must prove that he has a valid security interest, and that the debtor has rights in the collateral. The trustee has the burden on all other issues. 11 U.S.C. Sec. 362(g)(1), (2) [emphasis supplied]. The panel's decision would require all Alabama creditors to produce a corporate resolution in order to demonstrate a "valid" security interest in substantially all of a debtor's assets.
 
 
 13
 I think it ill-advised to interpret the law of Alabama so creatively. Under the Uniform Commercial Code, as adopted in Alabama, Overhead's security interest was "valid" and Overhead perfected it by filing. We ought not add to the law of secured transactions an additional requisite for "validity," based on a completely different section of the Alabama Business Code. If the trustee wants to challenge the legality of the transaction giving rise to the security interest, he must do so in an affirmative way, and he carries the ultimate burden of proof. The trustee must prove that substantially all of the debtor's assets were affected, and that no corporate resolution was obtained.
 
 
 14
 Here the terms of the security agreement prove the first issue. The agreement itself encompassed all of the conceivable assets that Allstar might have pledged. The list of collateral included:
 
 
 15
 A. Inventory.
 
 
 16
 B. Accounts receivable, now existing or after acquired.
 
 
 17
 C. Rights to the payment of money, existing or after acquired.
 
 
 18
 D. Contract rights, existing or after acquired.
 
 
 19
 E. General intangibles, now owned or after acquired.
 
 
 20
 F. All interest in goods or merchandise as to which account receivable for goods sold or delivered has arisen.
 
 
 21
 G. All goods, instruments, documents of title, policies and certificates of insurance, securities, chattel paper, deposits, cash or other property owned by the debtor or in which it has no interest which are now or may hereafter be in possession of the secured party as to which the secured party may now or hereafter control possession by documents of title or otherwise.
 
 
 22
 H. All equipment, machinery and tools of trade now owned or after acquired.
 
 
 23
 I. Seeds and products of the foregoing.
 
 
 24
 This all-encompassing list is clearly intended to secure as collateral substantially all of the assets of the debtor, Allstar Building. This supports the district court's finding that a security interest in substantially all of the debtor's property was granted.
 
 
 25
 However, the trustee did not carry his burden with respect to the corporate resolution. It was not up to Overhead to produce one, it was the trustee's burden to prove that one was not executed. Allstar proved the validity of his security interest. The trustee proved nothing. Therefore, Allstar ought to prevail.
 
 
 26
 Appellant argues that the trustee, because he was not a party to the challenged transaction, does not have standing to challenge the security agreement as ultra vires. Appellant maintains that the defense of ultra vires has been abolished by statute in Alabama by virtue of Title 10-2A-24, and may be asserted only in three limited circumstances (none of which are present here). Appellant cites an eighth circuit case, In Re: Terminal Moving and Storage Co., Inc., 631 F.2d 547 (8th Cir.1980) in support of this proposition. Evidently the Arkansas ultra vires statute is identical to the Alabama code provision abolishing the defense of ultra vires. In interpreting the Arkansas statute, the Eighth Circuit held that trustees in bankruptcy, because they have no greater rights than the creditors which they represent, do not have standing to attack a corporate transaction as ultra vires unless they are a party to the transaction.
 
 
 27
 I am not persuaded that the term "ultra vires " applies in this context. However, that issue need not be decided now. As noted above, I am of the opinion that it is the trustee's duty to challenge the transaction once the debtor has proved the existence of a valid security interest and that the debtor has equity in the property. Had the trustee challenged the transaction as illegal under the Alabama Business Code, and successfully proven that a resolution was required yet never passed, Overhead could have responded by claiming that the trustee had no standing to do so. The argument about standing is best made in bankruptcy court during the initial proceedings. Because I feel the panel's opinion unfairly adds to a secured party's burdens in bankruptcy court, I respectfully dissent.
 
 
 
 *
 Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation
 
 
 **
 Ala.Code Sec. 10-2A-160 provides:
 Sec. 10-2A-160. Sale of assets in regular course of business and mortgage or pledge of assets.
 The sale, lease, exchange, mortgage, pledge or other disposition of all, or substantially all, the property and assets of a corporation in the usual and regular course of its business may be made upon such terms and conditions and for such consideration, which may consist in whole or in part of cash or other property, including shares, obligations or other securities of any other corporation, domestic or foreign, as shall be authorized by its board of directors; and in any such case no authorization or consent of the shareholders shall be required, unless required by the provisions of the Constitution of Alabama as the same may be amended from time to time.